113 N.J. Super. 570 (1971)
274 A.2d 608
BROOKCHESTER, INC., PETITIONER-APPELLANT,
v.
DIRECTOR, DIVISION OF TAXATION, RESPONDENT. RICHFIELD VILLAGE, INC., PETITIONER-APPELLANT,
v.
DIRECTOR, DIVISION OF TAXATION, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 2, 1971.
Decided March 11, 1971.
*572 Before Judges LEWIS, MATTHEWS and MINTZ.
Mr. David Waldman argued the cause for appellants (Messrs. Heller & Laiks, attorneys; Mr. Murray A. Laiks, of counsel).
Mr. Herbert K. Glickman, Deputy Attorney General, argued the cause for respondent (Mr. George F. Kugler, Jr., Attorney General of New Jersey, attorney).
The opinion of the court was delivered by MINTZ, J.A.D.
Petitioners appeal from a judgment of the Division of Tax Appeals which affirmed the action of the Director of the Division of Taxation with respect to 18 related corporations, in his denial of claims for refunds for the taxable year ended March 31, 1962 and his revaluation of the net worth as included on the Corporation Business Tax Returns for the years ended March 31, 1963 and March 31, 1964.
Petitioners are engaged in the business of operating residential apartment units. In filing their tax returns under the Corporation Business Tax Act, N.J.S.A. 54:10A-1 et seq., for the taxable year ended March 31, 1962, they valued their fixed assets, consisting of lands and apartment house buildings, in accordance with their estimate of the market value of those assets. However, in filing their tax returns for the taxable years ended March 31, 1963 and *573 March 31, 1964, the fixed assets were reported at cost, less accumulated depreciation. Presumably the returns for those two years show little or no net worth for the respective corporations. The actual mortgages on the respective parcels of realty exceed the book value of the fixed assets. The record discloses that some of the parcels were re-mortgaged through lending institutions. The extent of such refinancing is not indicated.
The Director of the Division of Taxation disallowed the claims for refunds and made a revaluation of all the corporations' net worth for the taxable years ended March 31, 1963 and March 31, 1964. He was of the view that the franchise tax should be calculated upon a value equal to the mortgage balance on the real estate then outstanding on each parcel. All the corporations appealed the decision of the Director of the Division of Taxation to the Department of the Treasury, Division of Tax Appeals, contending that the Director's determinations were not in accordance with sound accounting principles as prescribed in N.J.S.A. 54:10A-4(d).
The Division of Tax Appeals upheld the Director's action and, while conceding that the experts agree that the only acceptable basis for stating the value of fixed assets is historical cost less depreciation, concluded, nevertheless, that the Director was authorized under the circumstances here presented to adjust the book values to reflect fair values and affirmed the Director's action in increasing the book values to equal the amount of the outstanding mortgages. In effect, he found that fair valuations could not be determined in accordance with "sound accounting principles." In view of the conflicting requirement of N.J.S.A. 54:10A-4(d) he concluded that the principle of fair value adjustments is to be preserved at the expense of violating "sound accounting principles."
N.J.S.A. 54:10A-4(d) defines "net worth" as the aggregate of the values disclosed by the books of the corporation and further provides that:
*574 * * * if in the opinion of the commissioner [director], the corporation's books do not disclose fair valuations the commissioner may make a reasonable determination of the net worth which, in his opinion, would reflect the fair value of the assets carried on the books of the corporation, in accordance with sound accounting principles, and such determination shall be used as net worth for the purpose of this act. [Emphasis supplied]
The expert testimony was generally to the effect that fixed assets are properly recorded on the corporate books at cost less depreciation and that such valuations are in accordance with "generally accepted accounting principles." However, Norman Cogliati, an expert who testified for petitioners, conceded on cross-examination that where a balance sheet shows a mortgage liability in excess of the corresponding asset stated at cost less depreciation, a disclosure should be made identifying the long-term obligation related to the fixed asset. Gerard Pisauro, an accountant who testified for respondent, also testified that sound accounting principles dictate that a footnote disclose the mortgage and the asset which secured the mortgage. All the accountants who testified appeared to equate the term "sound accounting principles" with "generally accepted accounting principles." Cf. American Can Co. v. Director, Div. of Taxation, 87 N.J. Super. 1, 11 (App. Div. 1965).
In R.H. Macy & Co. Inc. v. Director, Div. of Taxation, 77 N.J. Super. 155, 167 (App. Div. 1962), aff'd 41 N.J. 3 (1963), the court indicated that the Legislature, by the adoption of the Corporation Business Act, N.J.S.A. 54:10A-1 et seq., sought to provide a relatively simple and administratively feasible formula for measuring the value of the exercise of the corporate privilege in this State. It chose to do so by using the taxpayer's net book worth rather than becoming enmeshed in the complexities and difficulties attendant upon true value or market value appraisal of assets for that purpose. However, the court further indicated that N.J.S.A. 54:10A-4 conveys the thought that the net worth of the assets appearing on the books may not represent fair value, in which instance the Director, in *575 assessing the franchise tax, may revise book figures to reflect fair value of the assets, providing that the resulting readjustment is "in accordance with sound accounting principles."
We note that N.J.S.A. 54:10A-5(e) provides a formula for the assessment of the annual corporate franchise tax, predicated upon a determination of "total assets," a term left undefined. Under such circumstances we should accord the phrase its ordinary and usual meaning. Morris & Essex Invest. Co. v. Director of Div. of Taxation, 33 N.J. 24 (1960). This section is in pari materia with N.J.S.A. 54:10A-4(d), and they should be construed together. We should look for the clarification of meaning of statutory standards where discernible from the whole of specific or cognate statutes. R.H. Macy & Co. Inc. v. Director of Div. of Taxation, supra, 77 N.J. Super. at 169.
We do not agree with the Division's determination that "fair values" cannot be established "in accordance with sound accounting principles," and thus the latter requirement be disregarded. As was observed in United States Steel Corp. v. Director, Div. of Taxation, 38 N.J. 533 (1962):
* * * The Director was not bound by the company's bookkeeping. He could properly conclude the books did not disclose fair valuation of the components of net worth under accounting principles which are sound in the light of this tax statute. See section 4, "net worth." [at 544]
We are of the view that the outstanding mortgage balances, presumably none of which is in arrears, are an indicia of minimum fair values of the respective properties under accounting principles which are sound and administratively feasible in the light of this tax statute and the particular circumstances of this case. We reject the notion that some of these corporations owning fixed assets of a clearly discernible minimum value evidenced by the outstanding current mortgage balances have no or little "net worth" because *576 of the accumulated depreciation reflected on their respective books. We do not perceive it our duty to construe the statute in question to reach such an absurd result.
The judgment is affirmed.