134 N.J. Super. 550 (1975)
342 A.2d 520
SOMERSET APARTMENTS, INC., PETITIONER-RESPONDENT,
v.
DIRECTOR, DIVISION OF TAXATION, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted May 12, 1975.
Decided June 16, 1975.
*551 Before Judges MICHELS, MORGAN and MILMED.
*552 Mr. William F. Hyland, Attorney General of New Jersey, attorney for appellant (Mr. Richard M. Conley, Deputy Attorney General, of counsel, and Mr. Michael E. Goldman, Deputy Attorney General, on the brief).
Messrs. Hannoch, Weisman, Stern & Besser, attorneys for respondent (Mr. Ronald M. Sturtz and Messrs. Meltzer & Schiffrin of the Pennsylvania Bar, of counsel).
The opinion of the court was delivered by MICHELS, J.A.D.
Sidney Glaser, Director of the Division of Taxation, Department of the Treasury, State of New Jersey (Director), appeals from a judgment of the Division of Tax Appeals (Division) vacating assessments levied against petitioner Somerset Apartments, Inc., by the Division of Taxation for the years 1966, 1967 and 1968 under the New Jersey Corporation Business Tax Act (1945), N.J.S.A. 54:10A-1 et seq.
The parties stipulated the essential facts. Petitioner is a New Jersey corporation and the owner of record of land and buildings comprising an apartment complex known as Somerset Apartments located in the Township of Cherry Hill, New Jersey. Petitioner holds title to the land and buildings solely as nominee of seven partners trading as Somerset Apartments (the partners), who are the sole beneficial owners of the land and buildings. The agreement pursuant to which petitioner holds title to the property in part provides:
Somerset acknowledges and declares to, and agrees with Partners that Somerset holds title to the said property; that the interest of Somerset in the said property has been, now is and will be solely that of the straw and nominee of Partners, who are the sole beneficial owners of said property; that Partners have and will have all beneficial interest in such property and the operation thereof; that Somerset has and will have no beneficial interest in the said property and that Somerset will, without any consideration paid or passing to Somerset, but without any expense to Somerset, upon the request of Partners, make such transfers and execute and deliver such deeds, documents, mortgages and other instruments as Partners may hereafter *553 specify. Conveyance of title to Partners or their nominee shall be made at the request of Partners free and clear of all restrictions, liens, encumbrances, rights, title and interests in others, except any mortgages on said property.
The property had previously been owned by the partners. However, during the processing of a loan for the complex, interest rates rose above the legal limit for individual borrowers in New Jersey and the lenders insisted that a corporation be formed. The partners formed petitioner corporation, and title to the property was placed in petitioner in accordance with the agreement referred to above. Financing of the property was then obtained in the form of two mortgages, petitioner being the mortgagor for both. An agent for the partners collected the rents from which mortgage and local property tax payments were made, and the income attributed to the apartments was reported by the partnership on its return with the approval of the Internal Revenue Service.
Petitioner did not include the land and buildings comprising the apartment complex among its assets in the tax returns filed under the Corporation Business Tax Act and did not pay a tax based on the value thereof. Petitioner paid the minimum corporation business tax of $25 in accordance with the table set forth in N.J.S.A. 54:10A-5. The Division of Taxation thereafter assessed petitioner for the years 1966, 1967 and 1968 an estimated tax of $2,000, of which $25 has been paid, leaving an unpaid balance of $1,975 together with accumulated interest. The estimated tax was based in part on the inclusion of the value of the land and buildings of the apartment complex in determining petitioner's net worth. Petitioner appealed to the Division which vacated the assessment holding that the land and buildings were not assets of petitioner "as that word would be understood by the ordinary citizen or a trained accountant," and should not have been considered in determining its net worth for purposes of taxation under the Corporation Business Tax Act (1945). We disagree.
*554 The New Jersey Corporation Business Tax Act (1945) imposes an annual franchise tax on every nonexempt domestic or foreign corporation, "for the privilege of having or exercising its corporate franchise in this State, or for the privilege of doing business, employing or owning capital or property, or maintaining an office, in this State," N.J.S.A. 54:10A-2. The tax is imposed upon the corporation for the privilege of exercising corporate powers in this State. Werner Machine Co. v. Director, Div. of Taxation, 17 N.J. 121, 126 (1954), aff'd 350 U.S. 492, 76 S.Ct. 534, 100 L.Ed. 634 (1956). While the tax is not levied upon any of the property of the corporation (United States Steel Corp. v. Director, Div. of Taxation, 38 N.J. 533, 540 (1962); Werner Machine Co. v. Director, Div. of Taxation, supra, 17 N.J. at 127), it is levied for employing or owning property in the State. See Roadway Express Inc. v. Director, Div. of Taxation, 50 N.J. 471, 483 (1967), app. dism. 390 U.S. 745, 88 S.Ct. 1443, 20 L.Ed.2d 276 (1968); Newark Bldg. Assoc. v. Director, Div. of Taxation, 128 N.J. Super. 535, 545 (App. Div. 1974). The amount of the tax is determined on the basis of net worth and net income. N.J.S.A. 54:10A-4 and N.J.S.A. 54:10A-5. See also Roadway Express, Inc. v. Director, Div. of Taxation, supra at 476; United States Steel Corp. v. Director, Div. of Taxation, supra; Werner Machine Co. v. Director, Div. of Taxation, supra.
N.J.S.A. 54:10A-4(d) defines "net worth" as "the aggregate of the values disclosed by the books of the corporation" and further provides:
If in the opinion of the commissioner, the corporation's books do not disclose fair valuations the commissioner may make a reasonable determination of the net worth, which, in his opinion, would reflect the fair value of the assets * * * carried on the books of the corporation, in accordance with sound accounting principles, and such determination shall be used as net worth for the purpose of this act. [Emphasis supplied]
*555 Since petitioner did not maintain financial statements, books or records of any kind, the Director determined that the net worth of petitioner was the amount of its equity in the apartment complex as reflected by the mortgages outstanding against the property. This method of determining net worth for purposes of our Tax Act was upheld in Brookchester, Inc. v. Director, Div. of Taxation, 113 N.J. Super. 570 (App. Div. 1971), certif. den. 58 N.J. 392 (1971), wherein the court stated:
We are of the view that the outstanding mortgage balances, presumably none of which is [sic] in arrears, are an indicia of minimum fair values of the respective properties under accounting principles which are sound and administratively feasible in the light of this tax statute and the particular circumstances of this case. We reject the notion that some of these corporations owning fixed assets of a clearly discernible minimum value evidenced by the outstanding current mortgage balances have no or little "net worth" because of the accumulated depreciation reflected on their respective books. We do not perceive it our duty to construe the statute in question to reach such an absurd result. [Id. at 575-576]
We are satisfied that the value of the apartment complex owned by petitioner was properly included in its net worth for the purpose of determining the amount of corporate business tax payable by it even though it held title to said property solely as a nominee for the benefit of others. Petitioner chose to utilize the corporate structure to enable it to obtain the necessary financing of the apartment complex. Having chosen this method of owning property and conducting business in this State, it cannot now deny its existence in order to avoid the tax consequences of our Corporation Business Tax Act. Cf. General Public Loan Corp. v. Director, Div. of Taxation, 13 N.J. 393, 400-401 (1953); Ackerman v. Citron, 55 N.J. Super. 122, 128 (App. Div. 1959).
An argument similar to that made here by petitioner was rejected by the Appellate Division of the New York Supreme Court in Redman v. Mealey, 270 App. Div. 75, 58 N.Y.S.2d 735 (App. Div. 1945). Plaintiff therein claimed a deduction *556 on his New York State income tax return for rental losses, mortgage interest and taxes on certain real estate the title to which was held by his wholly-owned corporation which he had formed to avoid personal liability on the mortgage indebtedness. The corporation merely held title to the property, not functioning in any other way. The Commissioner disallowed the deductions and the court affirmed, saying:
The remaining question under review seems novel in our State. However, that no rule appears to have been established which gives free sanction to the avoidance of corporate existence solely because those who are in ownership and control choose to disregard it, is of some significance. Matter of Brown, 130 Misc. 865, 876, 226 N.Y.S. 1, 20, Id., 225 App. Div. 759, 232 N.Y.S. 371, modified In re Brown's Will, 252 N.Y. 366, 169 N.E. 612. We think it may be held that generally it may not be so disregarded solely for such reason when the revenues of the State are to be affected thereby. Otherwise would be to invite undue confusion and uncertainty, and corporate existence and ownership of property would be made an instrument for the evasion of just taxation. Petitioner formed his corporation for a definite and permissible purpose which worked to his own advantage, viz: the avoidance of certain possible personal liabilities. Thereafter the conduct of its affairs which was in the main treated by him as an individual proprietor, was, it appears, occasioned in order to serve his own convenience and as well perhaps the saving of expenses. But the eye of the law could not because of that fail to overlook the fact of the corporate entity and its lawful title to the real estate. [Id. at 58 N.Y.S.2d 738]
We are not persuaded to reach a different conclusion by the fact that the Internal Revenue Service has chosen to disregard the corporate entity for purposes of federal taxation and has permitted the income attributable to the apartment complex to be reported by the partnership rather than petitioner.
Accordingly, the judgment of the Division is reversed and the taxes assessed against petitioner for the years 1966, 1967 and 1968 are reinstated.