145 N.J. Super. 589 (1976)
368 A.2d 933
THE PRINCETON COMMUNITY PHONE BOOK, INC., AND JOSEPH M. BOYD, PETITIONERS-RESPONDENTS,
v.
DIRECTOR, DIVISION OF TAXATION, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 13, 1976.
Decided December 29, 1976.
*590 Before Judges FRITZ, CRAHAY and ARD.
Mr. Herbert K. Glickman, Deputy Attorney General, argued the cause for appellant (Mr. William F. Hyland, Attorney General, attorney).
Mr. Daniel E. Isles argued the cause for respondent The Princeton Community Phone Book, Inc. (Messrs. Isles & Weissbard, attorneys).
Mr. Joseph M. Boyd, respondent, argued the cause pro se
PER CURIAM.
Petitioners publish the Princeton Community Phone Book and distribute more than 25,000 copies free of charge to residents of the Princeton area annually. More than 99% of the gross revenue derived from the undertaking is produced from the sale of advertising space in the book. Besides such advertising the book also contains a *591 directory of the telephone numbers of Princeton area residents and certain community service listings.
The Division of Taxation determined that petitioners were required to pay sales tax on paper and the printing and binding services it purchased in order to produce the phone book. At a hearing before a judge of tax appeals, it was held that no such tax was required because these sales were exempt. The Division appeals to this court. We reverse.
N.J.S.A. 54:32B-3 provides for a sales tax on "[t]he receipts from every retail sale of tangible personal property, except as otherwise provided in this act" and for "[t]he receipts from every sale, except for resale," of certain services. A "retail sale" is defined as follows:
(1) A sale of tangible personal property to any person for any purpose, other than (A) for resale either as such or as converted into or as a component part of a product produced for sale by the purchaser, or (B) for use by that person in performing the services subject to tax under subsection (b) of section 3 where the property so sold becomes a physical component part of the property upon which the services are performed or where the property so sold is later actually transferred to the purchaser of the service in conjunction with the performance of the service subject to tax. [N.J.S.A. 54:32B-2(e)]
The Division argues that when the paper and the printing and binding services necessary to produce petitioners' directories are sold a tax must be imposed upon those sales. It maintains that neither the services nor the tangible personal property are purchased for resale and that neither is converted into or made a component part of "a product produced for sale" by petitioners. N.J.S.A. 54:32B-2 (e)(1)(A). We agree.
We first note that the judge of tax appeals seems to have misapplied N.J.S.A. 54:32B-2(e) to the services involved here. Properly read, that section applies only to sales of tangible personal property. It provides that such property is exempt from tax if it is converted into or made a component part of a product produced for sale by the *592 purchaser. It does not provide exemptions for the conversion of services such as printing and binding into a component part of a product produced for sale.
For this reason the judge erred when he held that this section exempted the purchase of printing and binding services from the sales tax. Such services are not exempted from taxation under N.J.S.A. 54:32B-3(b)(1).
Moreover, we cannot agree with the judge's finding that the paper sold to petitioners is converted into or made a component part of the only product produced for sale by petitioners  advertising space. While we recognize that such space is the only product sold by petitioners, it defies logic to hold that a tangible personal product purchased by petitioners (paper) is converted only into an intangible product (advertising space) which is then resold, thereby avoiding the sales tax. We cannot ignore the fact that the paper is also converted into a book upon which is printed not only the advertising which is sold to petitioners' customers but also the telephone numbers and public service listings.
Whatever the nature of the product sold by petitioners to their customers, the fact is that the paper which petitioners purchase is converted into and made a component part of a book called the Princeton Community Phone Book. That book is not produced for resale and therefore is not exempt from the tax under N.J.S.A. 54:32B-2(e)(1)(A).
Finally, we hold that the trial judge erred when he held that the sales here were exempt as sales of catalogs. That exemption was, until a 1970 amendment, set out in N.J.S.A. 54:32B-8(v) and exempted sales of catalogs and similar commercial advertising. Even if we agree with the holding that the phone book is a catalog, it is quite clear that it is not sold to anyone as a catalog and therefore that it does not fall within this exemption.
Reversed.