156 N.J. Super. 531 (1978)
384 A.2d 185
IN THE MATTER OF THE ESTATE OF MARY A. VONDERMUHLL, DECEASED.
Superior Court of New Jersey, Appellate Division.
Submitted November 15, 1977.
Decided March 3, 1978.
*533 Before Judges MATTHEWS, CRANE and ANTELL.
Mr. Charles E. Villanueva, attorney for appellant (Messrs. Reynolds, Richards, LaVenture, Hadley & Davis, of the New York Bar, of counsel).
Mr. William F. Hyland, Attorney General, attorney for respondent (Mr. Stephen Skillman, Assistant Attorney General, of counsel; Mr. Martin L. Wheelwright, Deputy Attorney General, on the brief).
The opinion of the court was delivered by MATTHEWS, P.J.A.D.
This is an appeal from the final determination of the Director, Division of Taxation (Director), made April 6, 1976, rejecting a claim for refund of certain transfer inheritance taxes paid by the estate of Mary A. Vondermuhll, deceased.
The factual circumstances involved in this appeal arose prior to July 1920 when Alfred Vondermuhll, husband of Mary A. Vondermuhll, received certain personal property from his mother Anna Vondermuhll-Hoffman, on condition that he pay the income derived from the property to her for life. Vondermuhll then, on July 17, 1920, transferred that property to himself and his brother George, as trustees of a trust. The trust instrument (hereinafter referred to as the 1920 Trust) provided that Anna Vondermuhll-Hoffman was to receive the income earned on the corpus for her life. Upon her death the corpus was to be paid to the grantor Alfred, if living, and if deceased, the corpus was to be distributed as he should appoint by will.
*534 In 1931 Alfred became a general partner in the stock brokerage firm of Speyer-Alexander and Company of New York City after making capital contributions totalling $700,000. Because in his opinion the securities business was hazardous and the assets of the 1920 Trust might be subjected to the claims of future creditors of the firm should the partnership fail, Alfred "decided to divest himself of the remainder interest in the trust fund and accordingly made a gift thereof to his wife." On May 19, 1931 Alfred transferred his vested remainder interest in the 1920 Trust to his wife Mary. By virtue of that transfer he ostensibly no longer had any property interest in the 1920 Trust corpus.
On August 6, 1931 Anna Vondermuhll-Hoffman, as life beneficiary, executed her consent to the revocation of the 1920 Trust and to the return of the corpus to the grantor. On August 18, 1931 Mary Vondermuhll, as remainder beneficiary, also executed her consent to the revocation of the 1920 Trust and to the return of the corpus to the grantor. She executed that consent, however, only upon the condition that the grantor make a gift of the corpus property to her and deliver it to her as she should direct. Finally, on August 18, 1931, noting that George had resigned as trustee, Alfred revoked the 1920 Trust, whereupon the corpus reverted to him. He then fulfilled the condition Mary Vondermuhll placed upon her consent to the revocation and transfered the property constituting the trust corpus to her.
On August 19, 1931 Mary, naming herself as grantor, executed a trust indenture (hereinafter referred to as the 1931 Trust) and transferred the property in trust to Alfred and the Montclair Trust Company as trustees. The indenture provided that the trust income was to be paid to Anna Vondermuhll-Hoffman for life, then to herself for her life, and then to Alfred and her children in equal shares. Upon the death of the survivor of these persons the corpus was to be distributed as determined by the children exercising testamentary powers of appointment.
*535 Alfred Vondermuhll died on June 5, 1947. In Schedule C of the New Jersey transfer inheritance tax return filed by his estate, the 1931 Trust was reported as a nontaxable asset. The claimed exemption was accepted by the Bureau and the 1931 Trust was not included in its tax assessment as a taxable asset. Consequently, the net taxable estate amounted to $8,097.87, generating a total inheritance tax of only $21.49.
The 1931 Trust was also reported as not taxable in the federal estate tax return filed for Alfred's estate. The Internal Revenue Service determined, however, that the trust assets were taxable, thus creating a federal estate tax deficiency of $128,257.26. Since the estate was allowed a credit of $10,219.66 for all state death taxes, it incurred a New Jersey estate tax liability of $10,198.45 under N.J.S.A. 54:38-1, which was paid June 18, 1951.
Anna Vondermuhll-Hoffman died July 27, 1947 and the income of the 1931 Trust was then paid to Mary Vondermuhll until her death on August 25, 1970. The assets of the trust were included in the estate of Mary Vondermuhll as a transfer to take effect in possession or enjoyment at or after death under N.J.S.A. 54:34-1(c), and the transfer inheritance tax was assessed and paid on that asset. A refund claim was subsequently made June 13, 1973.
On April 24, 1974 a hearing was held on the refund claim. The facts were presented to the hearing officer by means of documents. No testimony was offered by the estate. The estate's argument at the hearing was that the 1931 Trust should not have been included in Mary Vondermuhll's estate because it already had been taxed by New Jersey in 1949 as an asset of the estate of Alfred Vondermuhll; that the assessment of the New Jersey estate tax in 1951 was in effect an assessment of the inheritance tax; that since the Internal Revenue Service in 1949 deemed Alfred Vondermuhll to be the grantor of the 1931 Trust for purposes of the federal estate tax, the trust should have been subjected to the inheritance tax by the Bureau in the estate of Alfred *536 Vondermuhll, and thus an inheritance tax should not have been imposed in 1974 against the 1931 Trust in the estate of Mary Vondermuhll.
The hearing officer in his report concluded that the prior imposition in 1951 of the New Jersey estate tax against the estate of Alfred Vondermuhll did not constitute prior taxation of the 1931 Trust under the New Jersey transfer inheritance tax, and therefore that the trust was subject to the inheritance tax as an asset to be included in the estate of Mary Vondermuhll. The Director concurred with this conclusion in his final determination rejecting the estate's refund claim.
The New Jersey transfer inheritance tax, N.J.S.A. 54:33-1 et seq., is a privilege levy on the right of succession to property transferred by a decedent in certain cases. Under our scheme of death taxation, the tax is levied on the transferee, and the amount to be paid depends upon the value of the property received and the relationship of the transferee to the decedent. In re Estate of Lichtenstein, 52 N.J. 553, 559-560 (1968). The specified taxable event here involved is an inter vivos transfer of property by Mary Vondermuhll. N.J.S.A. 54:34-1(c).
When the estate filed its transfer inheritance tax return with the Bureau in 1971, it reported the assets of the 1931 Trust and noted that Mrs. Vondermuhll, as settlor of that trust, had reserved the income for life to herself. The value of these assets was included in the total estate and taxed as a transfer to take effect at or after death pursuant to N.J.S.A. 54:34-1(c) and N.J.A.C. 18:26-5.8. The tax was imposed on the 1931 Trust assets under the well-established rule that an inter vivos transfer by which the donor retains a life estate in the subject matter is a transfer intended to take effect in possession or enjoyment at or after the death of the donor. In re Estate of Lingle, 72 N.J. 87 (1976); Darr v. Kervick, 31 N.J. 476, 483-484 (1960). Except as hereinafter mentioned, the estate does not challenge that result.
*537 What the estate challenged in its refund claim was the Bureau's position that it could impose an inheritance tax on the assets of the 1931 Trust although it had previously imposed a tax, albeit indirectly, against the same trust assets in the estate of Alfred Vondermuhll under the New Jersey estate tax. In his opinion in which the Director concurred, the hearing officer concluded that the New Jersey estate tax is fundamentally and distinctly different from the New Jersey inheritance tax; that the assets of the 1931 Trust were not directly taxed in the estate of Alfred Vondermuhll and, therefore, that these assets were subject to the inheritance tax in the estate of Mary Vondermuhll.
The New Jersey estate tax, N.J.S.A. 54:38-1 et seq., is a levy imposed upon the estate of those resident decedents whose estates are subject to the federal estate tax, 26 U.S.C.A. 2001 et seq. See N.J.A.C. 18:26-3.1 et seq. Our estate tax is fundamentally different from and, in fact, may be levied in addition to the transfer inheritance tax. N.J.S.A. 54:38-1. The estate tax is calculated by taking the maximum estate tax credit allowed under 26 U.S.C.A. 2011 and subtracting from that credit the total of all inheritance, legacy, succession or estate taxes actually paid to New Jersey, any other state, any United States territory or the District of Columbia. N.J.S.A. 54:38-1. A tax occurs when all the state, territory and District of Columbia inheritance taxes paid out do not equal the credit allowed against the basic federal estate tax payable. N.J.S.A. 54: 38-13. The New Jersey estate tax does not interfere in any way with the operation of the inheritance tax so as to decrease the inheritance tax which may be due. N.J.S.A. 54:38-16.
The record here, considered in light of the nature and purpose of the New Jersey estate tax, clearly supports the Director's determination. When Alfred Vondermuhll died in 1947 his estate reported the 1931 Trust as nontaxable under both the New Jersey inheritance tax and the federal estate tax. Based upon the explanation set forth in Schedule *538 "C" of the New Jersey tax return, the Bureau did not levy an inheritance tax on the 1931 Trust in the estate of Alfred because Mrs. Vondermuhll, and not Mr. Vondermuhll, had been the owner of the remainder interest in the 1920 Trust and was the grantor, settlor or creator of the 1931 Trust.
This result should be compared with the application of the New Jersey inheritance and estate taxes in the estate of Mary Vondermuhll. The assets of the 1931 Trust were included in her taxable estate and directly taxed, thus generating an inheritance tax in the amount of $17,082.20 (excluding interest). The 1931 Trust was also included in the taxable estate by the Federal Government for federal estate tax purposes, giving rise to a credit of $22,870.34[1]. Since the combined inheritance tax imposed on the estate by New Jersey and Massachusetts amounted to $17,207.10, New Jersey was entitled to an estate tax to absorb the difference of $5,663.24 (excluding interest).
In its brief the estate contends for the first time that the assets of the 1931 Trust are not subject to the inheritance tax under N.J.S.A. 54:34-1(c) as a transfer intended to take effect at or after the death of Mrs. Vondermuhll because she was not the transferor, grantor or settlor of the trust. Further, the estate argues that the Director *539 failed to make findings of fact regarding who was the real creator of the 1931 Trust and who actually owned the assets constituting the corpus of the 1931 Trust. Notwithstanding that these factual issues were not before the hearing officer for his consideration, we find that the record strongly supports the implicit factual and legal conclusion of the Director that Alfred Vondermuhll, who originally received the 1920 Trust assets from his mother, transferred ownership of his vested remainder interest in the 1920 Trust to his wife by inter vivos gift; that gift was to give Mrs. Vondermuhll a vested future right in the corpus of the 1920 Trust which would come into her actual possession and enjoyment upon the termination of the prior life estate held by her mother-in-law, and that she was the actual grantor, settlor, or creator of the 1931 Trust. It is clear that the undisputed motive for the gift was to insulate the corpus of the 1920 Trust from the hazards of Mr. Vondermuhll's stock brokerage business. Moreover, the manner and extent to which Mrs. Vondermuhll exercised control over her remainder estate demonstrates conclusively that she received this interest as a gift, that she was its true owner, and later that she was the creator of the 1931 Trust.
We also regard it to be significant that each of the transactions, from the making of the 1931 gift to the creation of the 1931 Trust, involved formally executed instruments.
Finally, it has consistently been held that it is for the taxpayer to make business and personal decisions in light of tax statutes, not for government to adjust its tax laws to avoid a tax disadvantage which the taxpayer may experience because of business or personal decisions. Household Finance Corp. v. Director, Division of Taxation, 36 N.J. 353, 362-363 (1962). See also, Somerset Apts. v. Director, Division of Taxation, 134 N.J. Super. 550, 555-556 (App. Div. 1975). As stated by the Supreme Court of the United States in Commissioner v. National Alfalfa Dehydrating & Milling Co., 417 U.S. 134, 94 S.Ct. 2129, 40 L.Ed.2d 717 (1974):
*540 * * * while a taxpayer is free to organize his affairs as he chooses, nevertheless, once having done so, he must accept the tax consequences of his choice, whether contemplated or not. * * * [417 U.S. at 149, 94 S.Ct. at 2137]
Here, the estate of Mary Vondermuhll must accept the inheritance tax consequences arising out of the actual terms of the various writings voluntarily executed by Mrs. Vondermuhll and her family in 1931.
Affirmed.
NOTES
[1] We are advised that the estate is presently pursuing a refund claim with respect to this federal taxation of the 1931 Trust. It should be noted here that appellant's state inheritance tax refund claim would be moot if appellant prevailed on its state claim but is unsuccessful on its federal estate tax claim. This is so because the effect would be to reduce appellant's inheritance tax but to increase its New Jersey estate tax by a corresponding amount. Stated another way, although the inheritance tax would be reduced, the credit allowable for all state taxes would remain the same ($22,870.34); and the New Jersey estate tax would increase to absorb the new difference between the inheritance taxes paid and the federal credit.

The Director has assured the estate that a refund of the New Jersey estate tax will be made should the estate prevail in the federal refund proceedings.