LASSER, P. J. T. C.
This case involves a claim for exemption from the New Jersey sales and use tax on chemicals used in laboratory analysis. Taxpayer contests a deficiency assessment imposed by the Director of the Division of Taxation on chemicals purchased between April 1, 1970 and September 30, 1979. The assessment totals $279,188.17 plus interest of $176,314.84, for a total liability of $455,503.01. The parties have made cross-motions for summary judgment.
The facts are not in dispute. Taxpayer offers a wide variety of clinical laboratory services through its New Jersey central laboratory complex. It performs medical laboratory testing of samples, such as blood and urine, for hospitals, health institutions, industrial corporations, physicians and government agencies. Tests are performed in clinical chemistry, hematology, bacteriology, serology, cytogenetics, pathology, cytology and parasitology.
*279 Taxpayer’s testing procedure results in a computer-generated laboratory report which is communicated to the client in writing or telephonically. Taxpayer purchases large quantities of chemicals which are critical to its testing procedures but do not become part of laboratory reports issued to clients.
Taxpayer contends that it is entitled to exemption from sales tax under the “catalyst exemption” in N.J.S.A. 54:32B-8.20.[1]
Receipts from sales of materials, such as chemicals and catalysts, used to induce or cause a refining or chemical process, where such materials are an integral or essential part of the processing operation, but do not become a component part of the finished product are exempt from the tax imposed under the Sales and Use Tax Act.
Taxpayer contends that the laboratory report is the finished product and that the chemicals used in the analysis induce a chemical process and do not become part of the finished product. In the alternative, it contends that there is no requirement in the statute that there be a finished product.
Director contends that the exemption applies only to the production of tangible personal property and that taxpayer’s purchases are used in connection with the rendering of services, not in a “processing operation” which results in a “finished product.” He argues that the statutory references to “processing operation,” “component part” and “finished product” are terms describing the production of tangible personal property, not the rendering of services.
There are four reported cases interpreting N.J.S.A. 54:32B 8.-20. In Ramac Explosives, Inc. v. Taxation Div. Director, 125 N.J.Super. 154, 309 A.2d 465 (App.Div.1973), aff’d but modified, 64 N.J. 551, 319 A.2d 65 (1974), dynamite sold to stone quarries was held exempt as a material inducing or causing a refining process.
In XCEL Corporation v. Taxation Div. Director, 4 N.J.Tax 85 (Tax Ct.1982), purchases of cloth filter pads used in taxpayer’s manufacturing business were held exempt. The court held that *280 “materials,” within the context of N.J.S.A. 54:32B-8.20, were not required to be chemicals or catalysts to qualify for exemption, as long as they induced or caused a chemical or refining process.
In Grinding Balls, Inc. v. Taxation Div. Director, 176 N.J.Super. 620, 1 N.J.Tax 514 (Tax Ct. 1980), purchases of metal grinding balls, which reduced certain materials to powdery form, were not exempt. The court held that the balls were not catalysts and that, even if they were, they were not “used to induce or cause a refining or chemical process.”
In Tuscan Dairy Farms, Inc. v. Taxation Div. Director, 4 N.J.Tax 92 (Tax Ct.1982), purchases of chemicals used to clean and sanitize taxpayer’s milk lines and tanks were held not to qualify for exemption.
These cases differ from the case at bar in that they involve determinations of whether the purchased materials induced or caused a refining or chemical process. In each of the four cases there was a finished product which was tangible personal property.
In the subject case the issue turns on whether the statute requires a “finished product” and, if so, whether taxpayer’s laboratory reports constitute a “finished product.”
The “catalyst exemption” removes from tax the sale of materials which do not become a component part of the finished product. The statute sets forth the conditions for exemption as follows:
1. There must be a sale of materials such as chemicals and catalysts.
2. The materials must be used to induce or cause a refining or chemical process.
3. The materials must be an integral or essential part of the processing operation.
4. The materials must not become a component part of the finished product.
Taxpayers must comply with all four statutory requirements in order to obtain exemption under N.J.S.A. 54:32B-8.20. It appears from the motion papers that compliance with the first three requirements is not in issue. This case must be decided on the issue of compliance with the fourth statutory requirement, *281 which the parties have fully briefed and orally argued before the court.
We first must determine whether the statute requires a finished product. Taxpayer relies on Ramac Explosives, Inc. v. Taxation Div. Director, 125 N.J.Super. 154, 309 A.2d 465 (App. Div.1973), aff’d but modified, 64 N.J. 551, 319 A.2d 65 (1974), as authority that there need not be a finished product. In Ramac (at 551, 319 A.2d 165) the Supreme Court held that it was unnecessary for the lower court to discuss the taxation of a finished product of a process. The Supreme Court’s modification of the lower court’s opinion does not constitute a holding that a finished product is not necessary; it is only a statement that the lower court’s discussion of the taxation of the finished product was not necessary to the decision and, as a result, “may” have been too broad. In Ramac there was a finished product.
Tuscan Dairy Farms, Inc., supra, addressed this issue and held that N.J.S.A. 54:32B-8.20 requires a finished product. Quoting the statute, the court stated: “It is clear from the quoted language that the processing operation dealt with in the statute is only that process which results in a finished product. ...” Id. at 95. This holding in Tuscan Dairy Farms is not inconsistent with the Supreme Court’s holding in Ramac.
The “catalyst exemption” is related to the provision which exempts sales for resale. “Retail sale” is defined in the Sales Tax Act as “A sale of tangible personal property to any person for any purpose other than . . . for resale either as such or as converted into or as a component part of a product produced for sale by the purchaser. . . . ” N.J.S.A. 54:32B-2(e)(l)(A).
Sale for resale was discussed in Redlich, “Sales Taxes and the Resale Exemption in the Manufacture and/or Distribution of Personal Property,” 9 Tax L.Rev. 435 (1954). Dean Redlich stated that the component-part aspect of the resale exemption “undoubtedly succeeds in exempting from the retail sales tax a vast majority of transactions that require exemption in order to avoid excessive pyramiding.” Id. at 438. The author further states that
*282 ... (several states ... have broadened the resale exemption to include material that is actively consumed or dissipated in the process of fabrication ... By broadening the component-part test to include all materials which are dissipated in the process of production, this standard more nearly conforms to the economic policy which underlies the resale exemption. [Id. at 441-442.]
Under the sale for resale provision, exemption is granted to materials which become a component part of tangible personal property, but is not granted to materials used in the performance of services. Princeton Community Phone Book v. Taxation Div. Dir., 145 N.J.Super. 589, 591-592, 368 A.2d 933 (App.Div. 1976), certif. den. 73 N.J. 66, 372 A.2d 331 (1977). The “catalyst exemption” broadens the resale exemption by granting exemption to materials used in the processing operation which do not become a component part of the product.
The “catalyst exemption” provides that the materials must be used in a “processing operation” which involves either a “chemical or a refining process” and results in a “finished product.” These words do not contemplate the furnishing of a service. The “catalyst exemption” makes no reference to services; its context is refining or chemical processing operations resulting in a finished product.
Based on the foregoing I conclude that the finished product required by the statute must be tangible personal property, for the catalyst exemption as well as for the resale exemption, and turn to the question of whether the laboratory report is such a finished product.
A laboratory report is a sale of information which may be communicated in writing or telephonically and thus is a service, not tangible personal property. The laboratory report is similar to customer lists on computer tapes which were held by this court to be an information service, the tapes being only an inconsequential element. Spencer Gifts v. Taxation Div. Director, 182 N.J.Super. 179, 3 N.J.Tax 482 (Tax Ct.1981). The distinction between a written report and the information which it contains was explained by the New York Court of Appeals in Dun & Bradstreet, Inc. v. New York City, 276 N.Y. 198, 11 N.E.2d 728 (1937). In that case taxpayer provided subscribers with *283 financial credit information concerning persons engaged in business. The information was furnished by means of written reports and also telephonically. The court stated:
The information furnished is of value to the subscribers and for it they pay but not for the paper upon which the information is conveyed or for the reference books which are only guides to assist in the rendition of appellant’s service... “The paper is mere incident; the skilled service is that which is required.” [11 N.E.2d at 731, citing Burgess Co. v. Ames, 359 Ill. 427, 194 N.E. 565, 566 (Sup.Ct.1935) J.
I thus conclude that the “catalyst exemption” requires a finished product which must be tangible personal property, that the laboratory report is an information service, not tangible personal property, and that, therefore, materials used in the performance of a laboratory analysis are not exempt under the “catalyst exemption” because they are not part of a processing operation which produces a tangible finished product.
The Director’s motion for summary judgment is granted and the taxpayer’s is denied. The Clerk of the Tax Court is directed to enter judgment in accordance with this opinion.

Codified as N.J.S.A. 54:32B-8(t) prior to the enactment of L. 1980, c. 105, § 32, eff. September 11, 1980.