188 N.J. Super. 108 (1983)
456 A.2d 115
DEL VAL PENNYSAVER, INC., PLAINTIFF-RESPONDENT,
v.
DIRECTOR, DIVISION OF TAXATION, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 8, 1982.
Decided January 24, 1983.
*110 Before Judges MILMED, MORTON I. GREENBERG and FURMAN.
Harley A. Williams, Deputy Attorney General, argued the cause for defendant-appellant (Irwin I. Kimmelman, Attorney General of New Jersey, attorney; Herbert K. Glickman, Deputy Attorney General, and Harley A. Williams on the brief).
Ronald B. Edelman argued the cause for plaintiff-respondent (Nicholas Panarella, Jr., attorney).
The opinion of the court was delivered by MILMED, P.J.A.D.
The Director of the Division of Taxation (Director) appeals from a judgment of the Tax Court which, in essence, reversed his determinations that plaintiff Del Val Pennysaver, Inc., and its printer Custom Printing, Inc.,[1] were liable for sales taxes on purchases by plaintiff from the printer of certain printed materials. This appeal and two other appeals pending in this court involving the same issues were heard together.[2]
*111 The essential facts may be briefly summarized. Plaintiff publishes, in ten editions and under the name Pennysaver, printed shoppers guides which it distributes to the public without charge. The editions are designed to serve designated geographical areas in Burlington and Camden Counties. They contain mainly advertisements from local businesses, some classified advertisements and some news of local events and services. Plaintiff's revenues are derived from the advertising fees charged to advertisers.
From 1972 through the assessment period, i.e., July 1, 1974 to June 30, 1976, plaintiff used Custom Printing, Inc. (Custom Printing) then an independent printing firm, to do all of the printing involved in producing the Pennysavers. That firm supplied the printing and materials. Defendant Director determined that the printer's sales to plaintiff were subject to the tax imposed by the State's Sales and Use Tax Act (N.J.S.A. 54:32B-1 et seq.), particularly N.J.S.A. 54:32B-3(a) which imposed a tax of 5% on "[t]he receipts from every retail sale of tangible personal property, except as otherwise provided in [the] act." A total of $15,819.65 in taxes, interest and penalty, was assessed against plaintiff[3] and paid under protest. Plaintiff sought a refund and appealed from the Director's determination.
The appeal was heard in the Tax Court with but one witness, the president of plaintiff corporation, testifying. The parties stipulated that the subject of the sale from Custom Printing to plaintiff constitutes tangible personal property within the meaning of the statute. The Tax Court judge who heard the matter found, in an opinion reported at 3 N.J. Tax 164 (Tax Ct. 1981), that "the event claimed to be taxable by defendant is a sale of tangible personal property for the purpose of resale and exempt from sales tax under the New Jersey Sales and Use Tax Act." A judgment was thereupon entered in the Tax Court holding that "the transactions in dispute were sales for the purpose of *112 resale and exempt from sales tax," and this appeal followed. We disagree with this holding of the Tax Court. We reverse the judgment under review and reinstate the determinations and assessments made by the Director in this matter.
The Tax Court judge examined and commented on three of plaintiff's contentions. Its claim to exemption from the sales tax by reason of N.J.S.A. 54:32B-8(e) (repealed,[4] now N.J.S.A. 54:32B-8.5[5]) which exempted receipts from sales of "newspapers, magazines and periodicals," was properly rejected since that exemption was intended to apply to receipts from the ultimate sales of these items to the general public, not to the receipts from transactions between printer and publisher. Also properly rejected by the Tax Court judge was plaintiff's claim that the subject transactions constituted sales "of advertising to be published in a newspaper" and thus were exempt pursuant to N.J.S.A. 54:32B-8(ee) (repealed[6], now N.J.S.A. 54:32B-8.30[7]). He pointed out that
... the amounts paid to Del Val by advertisers are not the subject of this assessment. It is the amounts paid by Del Val to Custom Printing that have been taxed.... The printer provides his skill and labor, the paper on which the material is printed, and ultimately the finished product. He does not sell advertising. [3 N.J. Tax at 172]
It is the Tax Court judge's analysis and determination of plaintiff's claim that "free distribution of the Pennysaver to its readers constitutes a resale and thus the transaction between Custom Printing and Del Val is a sale for resale and not subject to tax," that defies logic, flies in the face of both the statute and our determination in Princeton Phone Book v. Taxation Div. Director, 145 N.J. Super. 589 (App.Div. 1976), certif. den. 73 N.J. 66 (1977), and mandates a reversal of the Tax Court judgment *113 under review. Despite the fact that plaintiff distributed the shoppers guides to the public free of charge, the Tax Court judge reasoned that since the cost of circulation is one of the factors involved in plaintiff's determination of the charges to be paid by its advertisers, these advertisers pay for the ultimate distribution of the Pennysavers to the reading public. From this he concluded that the subject transactions between Custom Printing and plaintiff were sales of tangible personal property for the purpose of resale and therefore exempt from the Sales Tax pursuant to N.J.S.A. 54:32B-2(e), "the consideration for the resale [coming] from someone other than the consumer." In so concluding, he failed to take into account that plaintiff was performing an advertising service and that the transfer of the printed matter to the public was part of that service and not a "resale" of the materials themselves.
The Sales and Use Tax Act provides, among other things, for a sales tax on "[t]he receipts from every retail sale of tangible personal property, except as otherwise provided in [the] act" and on "[t]he receipts from every sale, except for resale," of certain services. N.J.S.A. 54:32B-3. A "retail sale" is defined as:
(1) A sale of tangible personal property to any person for any purpose, other than (A) for resale either as such or as converted into or as a component part of a product produced for sale by the purchaser, or (B) for use by that person in performing the services subject to tax under subsection (b) of section 3 where the property so sold becomes a physical component part of the property upon which the services are performed or where the property so sold is later actually transferred to the purchaser of the service in conjunction with the performance of the service subject to tax. [N.J.S.A. 54:32B-2(e)(1)]
The Director argues that since the printed materials necessary to produce the shoppers guides were sold to plaintiff, a tax is required to be imposed on the sales. Here he maintains, as he did in Princeton Phone Book v. Taxation Div. Director, supra, that the printing and materials were neither purchased for resale as such nor "converted into ... a component part of a product produced for sale by the purchaser." N.J.S.A. 54:32B-2(e)(1)(A). We agree.
Princeton Phone Book is directly in point. There a local telephone directory was distributed to residents of the Princeton *114 area annually free of charge. More than 99% of the gross revenue derived from the publication and distribution of the book was produced from the sale of advertising space in it. Besides the advertising, the book also contained a directory of the telephone numbers of Princeton area residents and certain community service listings. 145 N.J. Super. at 590-591. The Division of Taxation determined that the petitioners, publishers of the phone book, were required to pay sales tax on paper and the printing and binding services it purchased in order to produce the phone book. Id. at 591. A judge in the Division of Tax Appeals held that no such tax was required because these sales were exempt. Id. On appeal, this court reversed, stating:
... we cannot agree with the judge's finding that the paper sold to petitioners is converted into or made a component part of the only product produced for sale by petitioners  advertising space. While we recognize that such space is the only product sold by petitioners, it defies logic to hold that a tangible personal product purchased by petitioners (paper) is converted only into an intangible product (advertising space) which is then resold, thereby avoiding the sales tax. We cannot ignore the fact that the paper is also converted into a book upon which is printed not only the advertising which is sold to petitioners' customers but also the telephone numbers and public service listings.
Whatever the nature of the product sold by petitioners to their customers, the fact is that the paper which petitioners purchase is converted into and made a component part of a book called the Princeton Community Phone Book. That book is not produced for resale and therefore is not exempt from the tax under N.J.S.A. 54:32B-2(e)(1)(A). [at 592]
Here, it is obvious that what plaintiff's advertisers were buying was advertising space and not the finished shoppers guides per se. These publications were distributed by plaintiff to the public free of charge. It is equally apparent that what the printer sold to plaintiff was neither purchased by plaintiff for resale as such nor converted into a component part of a product produced for sale by plaintiff. The subject transactions were not exempt from the tax under N.J.S.A. 54:32B-2(e)(1)(A).
We note that the Tax Court judge found it unnecessary to address "alternative arguments" advanced by plaintiff before him, viz., its contentions that "application of the sales tax to it constitutes a denial of equal protection due process and freedom *115 of the press, in violation of the First, Fifth and Fourteenth Amendments to the United States Constitution and Art. 1, par. 2, of the Constitution of the State of New Jersey," and that "the sales tax assessment, if proper, should have a prospective application only." Plaintiff does not advance any of these "alternative arguments" in the appeal now before us. Nonetheless, from our examination of the statute and the record before us we find no merit in any of plaintiff's suggestions. We discern no legal infirmity, constitutional or otherwise, in either the statute or its application to plaintiff or the transactions subject to the tax in this case. These transactions, sales of printed materials from printer to publisher, do not involve any receipts from sales of newspapers which are exempt from the tax imposed under the Sales and Use Tax Act. Beyond this, plaintiff must accept the tax consequences of its choice of business operation, i.e., its decision regarding distribution of its publications. The State is not obligated to adjust its tax laws to suit plaintiff's business decisions. See In re Vondermuhll Estate, 156 N.J. Super. 531, 539-540 (App.Div. 1978). Cf. Klebanow v. Glaser, 159 N.J. Super. 596 (App.Div. 1978), aff'd 80 N.J. 367 (1979).
The judgment of the Tax Court under review is reversed. The determinations and assessments made by the Director of the Division of Taxation in this matter are reinstated.
NOTES
[1] We are informed that Custom Printing, Inc., which did all of plaintiff's printing work, has merged into plaintiff corporation.
[2] The other two appeals are: Fairlawn Shopper, Inc.; Shopper Distributors, Inc. v. Director, Division of Taxation (A-291-81T3); and Today Newspapers, Inc. v. Director, Division of Taxation (A-2531-81T3).
[3] A portion of which was previously assessed against Custom Printing.
[4] See L. 1980, c. 105, § 46.
[5] L. 1980, c. 105, § 17, effective September 11, 1980.
[6] See L. 1980, c. 105, § 46.
[7] L. 1980, c. 105, § 42.