NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

```
----------------------------------------------------x
CHARLOTTE FARMS ANIMAL                   :
SANCTUARY,                               :     TAX COURT OF NEW JERSEY
                                         :     DOCKET NO:  009119-2025
                    Plaintiff,           :
                                         :
        v.                               :
                                         :
TOWNSHIP OF BERKELEY,                    :
                                         :
                    Defendant.           :
----------------------------------------------------x
```

Decided  November 12, 2025.

Samuel Z. Brown for Charlotte Farms Animal Sanctuary (The Brown Law Firm, attorneys).

Damian B. Majewski for Berkeley Township (Dasti & Staiger, attorneys).

CIMINO, J.T.C.

Charlotte Farms Animal Sanctuary is located upon Block 882.14, Lot 81 of the tax map of the Township of Berkeley.  The property consists of some farm acreage along with two residential homes.  Taxpayer, Charlotte Farms Animal Sanctuary, sought a property tax exemption pursuant to N.J.S.A. 54:4-3.6 for both the two homes as well as the farm acreage.  The tax assessor approved the farm acreage, but denied the exemption for the two residential homes.  The taxpayer appealed the denial of the homes to the county tax board.  The taxpayer contends

that the two homes house individuals that are caretakers for the animals. The municipality filed a counterclaim asserting that the farm acreage is not tax exempt.

After a hearing, the county tax board determined neither the homes nor the farm acreage are exempt. The taxpayer then filed an appeal with this court. Instead of filing an answer, the municipality filed a motion to dismiss. In support of the motion to dismiss, the municipality asserted facts outside the four corners of the complaint. The municipality provided copies of the Certificate of Incorporation for Charlotte Farms Animal Sanctuary as well as a Certification of Formation for 905 Junk LLC. Ovidia Battat is a trustee of the Charlotte Farms Animal Sanctuary as well as a member/manager of 905 Junk LLC. She is the registered agent for both.

The municipality also provided photographs of several vehicles and dumpsters displaying 905 Junk LLC located on the property. The dumpsters are on skid trucks as well as sitting on the ground. Metal debris appears to fill one of the dumpsters. Someone has stacked up a multitude of pallets on the site.

The municipality also provided copies of municipal court complaints which the Municipal Code Enforcement Officer issued. Notably, he directed the complaints to "Sarah Parnes, Nominee For Charlotte Farms." The record is not clear as to how the Code Enforcement Officer obtained this information regarding Ms. Parnes.

The municipality asserts that "Commercial Lease Agreement[s]" govern the occupancy of the homes. These lease agreements indicate rent of $18,000 per year, that will not be due if the tenants satisfy a subsidiary "labor value agreement" for the "[c]omplete running and maintaining of Charlotte farms, its animals and property." The lease agreements indicate the "[l]andlord is the owner of land and improvements . . ." and identify the landlord as "Sarah Parnes, nominee for Charlotte Farms Animal Sanctuary."

In response, the taxpayer asserts that the caretakers and their families who reside onsite do not pay rent per the subsidiary labor agreement. However, they must be present twenty-four hours a day to attend to the needs of the animals, maintain security, and ensure proper operation of the sanctuary. The taxpayer also asserts no commercial operations occur at the site, and the dumpsters hold large volumes of farm waste. In a sur-reply, taxpayer asserts the matter is ripe for summary judgment in its favor.

A review under R. 4:6-2(e) "is limited to examining the legal sufficiency of the facts alleged on the face of the complaint." Printing Mart-Morristown v. Sharp Electronics Corp., 116 N.J. 739, 746 (1989). The court "searches the complaint in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim . . . ." Ibid. "At this preliminary

3

stage of the litigation the [c]ourt is not concerned with the ability of plaintiffs to prove the allegation contained in the complaint." Printing Mart, 116 N.J. at 746.

The assessor had granted an exemption for a portion of the property. The municipality challenged this exemption. The county tax board reversed the assessor's decision. The taxpayer now appeals to this court. While the prior decision of the assessor is not binding upon this court, the assessor's decision to allow the exemption is certainly enough for this court to allow this appeal to go forward and to deny the municipality's motion to dismiss.

Taxpayer has seemingly sought a cross-motion for summary judgment through its sur-reply. Notwithstanding the procedural irregularities in raising such a claim for relief in a sur-reply, such a motion is not yet ripe. "When critical facts are peculiarly within the moving party's knowledge, it is especially inappropriate to grant summary judgment when discovery is incomplete." Velantzas v. Colgate-Palmolive Co., 109 N.J. 189, 193 (1988). The parties need to conduct discovery in a few areas.

First, there has to be discovery as to the basic issue of whether an exemption is appropriate. N.J.S.A. 54:4-3.6 provides an exemption from taxation for "all buildings used exclusively by any association or corporation formed for the purpose and actually engaged in the work of preventing cruelty to animals" and "all buildings actually used in the work of associations and corporations organized exclusively for

4

. . . charitable purposes, provided that if any portion of a building used for that purpose is leased to a profit-making organization or is otherwise used for purposes which are not themselves exempt from taxation, that portion shall be subject to taxation and the remaining portion shall be exempt . . . ." Moreover, the exemption indicates "the land whereon any of the buildings hereinbefore mentioned are erected, and which may be necessary for the fair enjoyment thereof, and which is devoted to the purposes above mentioned and to no other purpose . . . ."

The seminal three-part test for establishing an exemption requires that (1) the organization is organized exclusively for the charitable or tax-exempt purpose; (2) it uses the property for the charitable or tax-exempt purpose; and (3) its operation and use of the property is not for profit. Int'l Schs. Servs., 207 N.J. 3, 16 (2011) (citing Paper Mill Playhouse v. Twp. of Millburn, 95 N.J. 503, 506 (1984)). The three prongs of the test are typically referred to as the "organization," "use," and "profit" prongs. Borough of Hamburg v. Trs. of Presbytery of Newton, 28 N.J. Tax 311, 318 (Tax 2015). The law strictly construes exemptions against the taxpayer. Advance Hous. v. Township of Teaneck, 215 N.J. 549, 566 (2013) (citing Hunterdon Med. Ctr. v. Township of Readington, 195 N.J. 549, 569 (2008)). The court must resolve all doubts against those seeking the exemption. Bentz v. Township of Little Egg Harbor, 31 N.J. Tax 209, 220-21 (App. Div. 2019). However, regardless of

difficulty, fairness dictates that the court allows the taxpayer to have a full exposition of their case.

Second, there is the subsidiary issue of whether the two homes on the property are derivatively exempt. For a derivative exemption, the property in question must be (1) predominantly used as an integral part of the operation of the exempt organization, rather than being primarily a convenience to the tenant, and (2) reasonably necessary for the proper and efficient operation of the organization. Pompton Lakes Sr. Citizens Housing Corp. v. Borough of Pompton Lakes, 16 N.J. Tax 331, 338 (Tax 1987) (apartment superintendent's residence); Township of Clinton v. Camp Brett-Endeavor, Inc., 1 N.J. Tax 54, 60 (Tax 1980) (year-round residence at summer camp); St. Ann's Catholic Church v. Borough of Hampton, 14 N.J. Tax 88, 95 (Tax 1994) (cemetery, church and grounds caretaker). See also Washington Cemetery Ass'n v. Township of South Brunswick, 1 N.J. Tax 157 (Tax 1980) (cemetery caretaker's residence); Greenwood Cemetery Ass'n of Millville, Inc. v. City of Millville, 1 N.J. Tax 408 (Tax 1980) (sale of memorials at cemetery caretaker's residence).

Third, there is also the issue of the nature and extent of any of 905 Junk LLC's operations on the property. Even if it is determined that exclusivity of use is not a requirement in this case, any for-profit activities must be "evident, readily

6

ascertainable, and separately accountable for taxing purposes." Int'l Schs. Servs., 207 N.J. at 23.

Fourth, the second sentence of N.J.S.A. 54:4-3.6 requires that the "foregoing exemption shall apply only where the association, corporation or institution claiming the exemption owns the property in question . . . ." The leases affecting the residences on the property indicate "Sarah Parnes, nominee for Charlotte Farms Animal Sanctuary," is the landlord and thus "the owner of the land and improvements on the property." Also, the complaint filed by the Code Enforcement Officer indicates "Sarah Parnes, Nominee For Charlotte Farms Animal Sanctuary." Without further discovery, ownership status is unclear. This may or may not have bearing on the exemption. See Jutland Construction Corp. v. Dir., Div. of Tax'n, 4 N.J. Tax 230, 234-235 (Tax 1982) (individual holding title to subject property as nominee of tax-exempt entity not entitled to sales tax exemption); Somerset Apartments, Inc. v. Dir., Div. of Tax'n, 134 N.J. Super. 550, 555-556 (App. Div. 1975) (holder of property solely as nominee for benefit of others is subject to corporate taxation).

Based upon the meager record presented thus far, the court cannot resolve the potential myriad of issues including those outlined above and others.

For the foregoing reasons, the court denies both parties' motions.