CHARLES E. KIRBY, JACOB RICHMAN AND NORTON WESTCOTT v. THE STATE OF NEW JERSEY.

The incumbent of an office which an unconstitutional statute purported to create, cannot be guilty of extortion, as he is neither a *de jure* nor *de facto* officer.

---

On motion to quash an indictment

Argued at June Term, 1894, before Justices DIXON, REED and ABBETT.

For the motion, *John S. Mitchell.*

*Contra, William A. Logue,* Prosecutor of the Pleas.

The opinion of the court was delivered by

REED, J. This indictment is for extortion. It sets out that Kirby, Richman and Westcott constituted the board of license commissioners of Cumberland county, and as such were officers of this state, duly empowered to grant licenses to sell liquor; and being such officers with such power did, by color of their said office, extortionately demand and receive from one Taylor a certain sum of money as a fee or reward for doing their office.

Extortion technically is an official misdemeanor, while in its larger sense it signifies any oppression under color of right; in its strict sense it signifies the taking of money by any officer by color of his office where none or a part only is due. 1 *Hawk. P. C.,* p. 418; 2 *Bish. Cr. L.,* § 392; *Rev., tit.* " *Crimes,*" p. 230, § 23.

The offence consists in the oppressive misuse of the exceptional power with which the law invests the incumbent of an office. It is thus apparent that the crime of extortion is committible only by an officer.

The officer need not possess a legal title to the office whose functions he executes. A person who serves as an officer and claims to be one is estopped to deny his official appointment. 2 *Bish. Cr. L.,* § 392.

So it appears that a *de facto* as well as a *de jure* officer is punishable for extortion as he is for any other malfeasance in office.

But an official character, either *de facto* or *de jure,* is essential.

The indictment is drawn in the usual form, and charges that the defendants were officers and by color of their office

extorted. This is a material averment, proof of which is absolutely required to support a conviction.

The fatal defect in this indictment is not in its form, but is to be found in the circumstance that it must be now concluded as a matter of law that these defendants were never the officers they are charged to have been, and therefore could not as such have extorted. This inexorable legal conclusion is the result of the unconstitutionality of the statute which created the offices of license commissioners in certain counties, which offices the defendants are charged with using for extortionate purposes.

Since the finding of this indictment this court has, in the case of *Loucks* v. *Bradshaw*, 27 *Vroom* 1, decided that the act was opposed to the constitutional prohibition of special legislation regulating the internal affairs of counties.

In the subsequent case of *Flaucher* v. *Camden*, 27 *Vroom* 244, it was held that a license certificate issued by commissioners appointed under this act was a nullity.

The ground of decision was that the statute creating the offices being unconstitutional was to be regarded as if it had never been passed ; that there never were such offices in existence, and that without an office there could be no officer, either in law or in fact. The decision in that case refused to accord any efficacy to their pretended official acts, because they had no official existence. It appears, therefore, from this statute and its construction by this court that the foundation upon which this indictment rests, namely, that these defendants were officers, does not exist. This conclusion does not mean that these defendants are entirely dispunishable for the act of taking, by color of their assumed official character, money to which they would not have been entitled had the statute mentioned been valid. It means that they cannot be punished under the present form of indictment.

The motion to quash must prevail.