ALFRED MEYER v. THE STATE.

Upon the trial of an indictment that charged that the defendant know-
ingly and unlawfully and without license prescribed medicine for one
John Craig, evidence that he had prescribed for other persons is
illegal, its only effect being to show that he habitually did those
things for the doing of which, in a particular instance, he had been
indicted.

On error to the Hudson Quarter Sessions.

Argued at June Term, 1896, before BEASLEY, CHIEF
JUSTICE, and Justices MAGIE, GARRISON and LIPPINCOTT.

For the plaintiff in error, *William D. Daly.*

For the defendant in error, *Charles H. Winfield.*

The opinion of the court was delivered by

GARRISON, J.   This conviction must be set aside, since it
rests, in part, upon the proof by the state, over the objection
of the defendant, of the commission of similar but unconnected
offences.   The case was this : Meyer was tried under an in-
dictment that charged him with willfully, knowingly and
unlawfully continuing the practice of medicine by prescribing
for the use of one John Craig certain medicines for the treat-
ment and cure of bodily injuries of said John Craig, without
having first obtained and filed, according to law, a license to
practice medicine.   The conduct thus described is made a
misdemeanor by the act of 1894.   *Pamph. L., p.* 454.   The
state proved the circumstances upon which it relied to estab-
lish the fact that Meyer had prescribed for John Craig, and
then proceeded to prove a number of instances in which the
defendant had prescribed for sundry other people not men-
tioned in this indictment.   To this evidence the defendant
objected and a bill of exception was in each instance signed
by the Sessions.   The admission of this testimony was error

To the general rule that upon the trial of a person for one offence proof of his guilt of other offences is irrelevant, there are, it is true, some exceptions in which the defendant's guilt of the extraneous crime tends to prove against him some particular element of the crime for which he is being tried. *Scienter* may be thus proved, so, in appropriate cases, may opportunity, motive, preparation, concealment or escape. Where, however, the proof can go no further than to show a propensity to commit the offence in question it is not relevant. The general presumption of innocence cannot be broken down by thus showing the likelihood of the defendant's guilt of the particular offence. *Clark* v. *State*, 18 *Vroom* 556 ; *State* v. *Raymond*, 24 *Id.* 260.

In the case before us the testimony objected to proved no element of the single offence charged in the indictment; its only effect could be to lead the jury to the belief that he habitually did those things for the doing of which, in a particular instance, he was upon trial.

The judgment must be reversed, and a *venire de novo* awarded.