THE STATE, DEFENDANT IN ERROR, v. THOMAS L. SNOVER, PLAINTIFF IN ERROR.

Submitted July 10, 1899—Decided November 13, 1899.

Upon the trial of an indictment for adultery with H. W., wife of S. W., in the county of Warren, it was not error to admit testimony that a year before the date named in the indictment "the defendant and the said H. W. were at the moving of one Brink who moved from the county of Warren into the county of Sussex, and that they occupied the same room that night at Brink's," first, because as stated the fact is not inculpatory, and second, because it is proof of the disposition of the parties toward each other. and hence is germane to their alleged act of adultery.

On error to the Warren Sessions.

Before MAGIE, CHIEF JUSTICE, and Justices VAN SYCKEL, GARRISON and LIPPINCOTT.

For the state, *George A. Angle,* prosecutor of the pleas.

For the plaintiff in error, *John H. Dahlke.*

The opinion of the court was delivered by

GARRISON, J. The defendant who was convicted of adultery with one H. W., wife of S. W., has removed the judgment into this court and seeks its reversal upon the ground that the court below erred in two respects—*first,* in refusing to charge the jury "that there was no evidence that H. W. was at the time of the commission of the alleged adultery with her by the defendant, the wife of S. W." The court made no error in refusing this request. The woman had testified that seventeen years ago she had married S. W., and that three or four years ago his sister told her he had died. Other witnesses testified that for three or four years they had not seen S. W., but had never heard of his death. This testimony neither proved the death of S. W. nor laid the foundation for the statutory presumption of his death.

The other ground for reversal is that the court admitted illegal testimony over the objection of the defendant. The bill of exceptions states that the state called a witness who testified that in the spring of 1897 the defendant and H. W. were at the moving of one Brink, who moved from the county of Warren into the county of Sussex, and that they occupied the same room that night at Brink's. To this testimony the defendant objected upon the ground that it tended to show a separate and distinct charge and offence committed in the county of Sussex, whereas the adultery was alleged to have been committed in the county of Warren. This objection is not well founded either in law or fact. As stated in the bill of exceptions, which is all we have, the fact is not inculpatory. The room was without privacy. It is not even described as a bedroom or sleeping apartment. Others who stayed all night after the moving may have used it. A bad construction will not be supplied.

The legal proposition that is raised by the gratuitous assumption that the testimony was that the parties shared a private sleeping apartment for the night is not more favorable to the defendant.

Adultery, from its inherent stealth, is seldom provable apart from circumstances by which the disposition of the parties toward each other may be judged. This disposition develops gradually and has a duration and progress that generally, if not always, antedate opportunity. Hence the total proof of adultery is not to be circumscribed by the time and space of a single act, but rather is to be extended as widely as the demonstration of the moral qualities involved may require. The discreet limit of such proof is the character of the conduct sought to be shown, a point of which time rather than geography is apt to be the significant feature. Such testimony is in the same category with "motive, intent or preparation," and is in nowise related to the proof of a separate offence or of a propensity to commit the crime in question or crimes generally. *Meyer* v. *State*, 30 *Vroom* 310 ; *Thayer* v. *Thayer*, 101 *Mass.* 111.

It was admissible without any infringement of the rule illustrated in *Clark* v. *State*, 18 *Vroom* 556; *State* v. *Raymond*, 24 *Id.* 260; *Meyer* v. *State*, 30 *Id.* 310; *Leonard* v. *State*, 31 *Id.* 8; *Ryan* v. *State*, *Id.* 552.

The judgment of the Quarter Sessions is affirmed.