THE STATE v. THOMAS CORRIGAN ET AL.

Submitted March 13, 1905—Decided April 8, 1905.

1. The authority conferred by the Election law of April 4th, 1898 (*Pamph. L., p.* 237), upon the governor of the state to appoint county boards of election is separable from the provisions of the law respecting nominations to the governor for such appointment, so that, if these provisions be unconstitutional, the authority would nevertheless remain.

2. The authority conferred by that law upon county boards of election to appoint district boards of registry and election is valid to this extent, at least, that persons so appointed to constitute district boards become *de facto* members thereof, and as such are indictable for official misdemeanors created by that law.

---

On motion to quash indictment.

Before Justices DIXON, GARRISON and SWAYZE.

For the state, *George Berdine,* prosecutor of the pleas, and *Robert H. McCarter,* attorney-general.

For the defendants, *Alan H. Strong* and *Robert Adrain.*

The opinion of the court was delivered by

DIXON, J. This is a motion to quash an indictment found in the Middlesex Oyer at the September Term, A. D. 1904, and brought into this court by *certiorari.*

The indictment charges that the defendants, on November 8th, 1904, were public officers, to wit, members of the district

board of registry and election in the first district of the sixth ward of the city of New Brunswick, and that they willfully refused to hold and conduct the general election to be held in that district on the day named, whereby the duly registered voters in that district were prevented from voting at such election. Conduct of this character is, by section 197 of the Election law of April 4th, 1898 (*Pamph. L., p.* 237), declared to be a misdemeanor.

In support of the motion to quash it is insisted that the provisions of this law for the appointment of members of the county and district boards of election are unconstitutional, because they make the holding of certain political opinions or membership in certain political parties a test of eligibility for such appointments.

I deem it unnecessary to decide whether our legislature has power to require such qualifications for any public office of profit or trust, since, even if it be assumed that the power is lacking, the indictment should not be quashed.

The first clause of the thirteenth section of the act is as follows: "There shall be in every county a board of elections, to consist of four persons, to be appointed by the governor in July in each year, and who shall be legal voters within the counties for which they are respectively appointed." This clause is complete, and, standing alone, would be unquestionably valid in its provision for constituting a county board of elections in each county. Such boards are fundamental in the scheme which by this statute the legislature designed for conducting the necessary elections throughout the state. If the subsequent clauses of the section, by which the legislature sought to circumscribe the general power of appointment thus conferred on the chief executive of the state, are unconstitutional, they should be rejected, rather than be allowed to defeat the paramount purpose of the law.

The courts should not infer that, if the special intent of the legislature as to the qualifications of the members of these boards was ineffective, the entire scheme was to be rendered abortive. I think it should be held that under this act county

boards of election are lawful entities, and hence capable of being constituted by *de facto* members. *Flaucher* v. *Camden*, 27 *Vroom* 244.

Such boards, even if the members were illegally appointed, are competent to perform all acts for which boards composed of persons lawfully chosen would be competent. *Dugan* v. *Farrier*, 18 *Vroom* 383; *S. C.*, 19 *Id.* 613. Hence each county board could exercise the function delegated in the fifteenth section of the statute, to "appoint for each election district in the county four persons, legal voters and residents in such district, to be the board of registry and election for such district."

By this clause the statute makes complete provision for district boards, and they are as essential for the execution of the legislative scheme as the county boards. Except in one contingency, and that a secondary one, the legislature has not directed that members of the district boards should be affiliated with any political party or have any specified political bias, and even if it had, and such a direction were invalid, the direction might be ignored on the course of reasoning above approved with regard to county boards. In any event, the district board being a lawful entity, even *de facto* members, while they remained in possession of the office, would be held to the same responsibility as if their title was lawful. *Rex* v. *Borrett*, 6 *Car. & P.* 124; *State* v. *Goss*, 69 *Me.* 22; *Kirby* v. *State*, 28 *Vroom* 320.

The motion to quash should be denied and the indictment returned to the Middlesex Oyer for trial.