WILLIAM F. DIXON ET AL., EXECUTORS, PROSECUTORS.
v. GEORGE E. RUSSELL ET AL.

Argued November Term, 1908—Decided May 21, 1909.

1. "An act to amend an act entitled 'An act to tax intestates'
   estates, gifts, legacies, devises and collateral inheritance in cer-
   tain cases'" (*Pamph. L.* 1906, *p.* 432) is not violative of the con-
   stitutional requirement that every law shall embrace but one object
   which shall be expressed in its title. *Constitution, art.* 4, § 7,
   ¶ 4.
2. The term "legacies" used in that act embraces stock of a New
   Jersey corporation belonging to a testatrix resident at her death
   in Rhode Island, and which passed as such under a bequest con-
   tained in her will.

On *certiorari.*

For the prosecutors, *McCarter & English.*

For the defendants, *Theodore Backes* and *Edmund Wilson,*
attorney-general.

The opinion of the court was delivered by

MINTURN, J. Martha T. Fiske died testate, at Cairo,
Egypt, on the 23d day of January, 1908, being a resident of
the State of Rhode Island at the time of her death. Letters
testamentary were issued upon her estate as a non-resident
testatrix by the surrogate of New York county to the prose-
cutors. She was not the owner of real estate within this state,
but was possessed at the time of her decease of one thousand
one hundred and fifty shares of the capital stock of the Stand-
ard Oil Company, a corporation of New Jersey, the certifi-
cates of which stock were not within this state at the time of
the decedent's death. The said stock passed pursuant to the
bequests contained in the will to persons and corporations not
within the exemption clause of the Inheritance act of this
state. The executors of the deceased applied to the Standard
Oil Company, at its office in this state, to transfer the said

shares of stock, but the officials declined to do so upon the ground that the stock might be liable to an inheritance tax. Application was then made by the executors to the surrogate of Essex county to levy a tax on the shares for the purpose of forming a basis for an application to this court to determine the legality of the tax so fixed. The surrogate, in performance of this duty, appointed appraisers, and upon their report levied a tax on the said shares and forwarded the same to the state comptroller who has since made demand upon the executors for the payment of the tax so levied. The prosecutors refused payment of the tax upon the ground of the surrogate's want of jurisdiction to assess it, and upon the ground that the act under which it was assessed is unconstitutional. Were it not for the existence of the act of 1906 (*Pamph. L., ch.* 228), the case of *Neilson* v. *Russell,* 47 *Vroom* 655, recently determined by the Court of Errors and Appeals, would be dispositive of the case at bar, as the facts in the Neilson case were *mutatis mutandis* substantially similar to the case *sub judice.* It was there enunciated that the tax in question was not a property tax but a succession, or transfer tax or legacy duty upon shares of stock of a New Jersey corporation, which, notwithstanding the foreign domicile of the holder, had their *situs* in this state, but that notwithstanding that *status* they were not subject to the inheritance tax imposed by the act of May 15th, 1894. *Pamph. L., p.* 318. The act of 1906 provides the differentiating factor in the case at bar and supplies the basis for the tax in question. It is entitled "An act to amend an act entitled 'An act to tax intestates' estates, gifts, legacies, devises and collateral inheritance in certain cases,'" and by the second subdivision to the first section thereof it provides that a tax may be imposed "when the transfer is by will or intestate law of property within the state, and the decedent was a non-resident of the state at the time of his death." The prosecutor's reasons, synthetically considered, involve two propositions, the first of which attacks the constitutionality of this act, as in contravention of article 4, section 7, paragraph 4 of the state constitution, which requires every law to embrace but one object, which shall be expressed in its

title, and the other that the acts of the surrogate in assessing the tax and the comptroller in attempting to collect it are *coram non judice* and void for want of jurisdiction. The title of this act fairly includes the subject-matter of this litigation in specifying "legacies" as the legal term indicative of the matters with which it purports to deal. The shares of stock in question, according to the stipulation in the case, passed under a bequest contained in decedent's will, and, therefore, are within the meaning of the term "legacies." And as the object of the act *sub judice* is to impose a tax *inter alia* upon "legacies" not within the exemption clause of the statute, it seems manifest that the subject-matter of this controversy is plainly comprehended in the title of the act. That the title of this act is not subject to the criticism of the prosecutor in this regard is indicated by the following language of Mr. Justice Van Syckel in *Walter* v. *Town of Union,* 4 *Vroom* 350 :

"The degrees of particularity which must be used in the title of an act rests in legislative discretion, and is not defined by the constitution. There are many cases where the object might, with great propriety, be more specifically stated, yet generality of the title will not be fatal to the act if by fair intendment it can be connected with it." To the same effect are *Kirkpatrick* v. *New Brunswick,* 13 *Stew. Eq.* 46, and *Bumsted* v. *Govern,* 18 *Vroom* 373.

Nor is the act within the constitutional inhibition because, as the prosecutor alleges, its provisions are more comprehensive than the title of the act. This criticism is directed to paragraph 2 of section 1 of the act, and if the criticism were warranted it may well be that the subdivision referred to might be exscinded without affecting the remaining provisions of the act, as the paragraph in question forms an independent substantive clause. *State* v. *Corrigan,* 43 *Vroom* 64; *State* v. *Davis,* 44 *Id.* 680.

It must be assumed, however, upon well-settled principles of statutory construction, that the legislature intended to pass a valid enactment, and, therefore, a construction which will support the validity of the act, rather than one which will invali-

date it, will be adopted unless the vice of illegality is clearly discernible. *Road Commission* v. *Harrington Township,* 26 *Vroom* 327; *In re Drainage Application,* 6 *Id.* 497.

Adopting this canon of construction, it may be said, with reason, that the word "transfer" in section 1 of the act was used by the legislature as synonymous with "passing" or "change of title" or "change of possession." This legislative intent is confirmed by the fact that the words "transfer" and "pass" are used throughout the act interchangeably, to indicate a change of title or a change of beneficial ownership, in which event the tax under certain conditions is to be assessed. The jurisdiction of the surrogate, however, to assess the tax must be established by more than a mere estoppel *in pais,* arising as is claimed by the learned attorney-general from the fact that the prosecutor *pro forma* requested that the assessment be levied as the basis for invoking this writ, because manifestly this statutory proceeding does not establish a tribunal of which it can be said that consent can confer jurisdiction. That principle can be invoked only where the tribunal whose jurisdiction is in question has general power to hear the controversy, and is not applicable where the jurisdiction or power is not authorized by law, or conferred upon it by the constitution. 11 *Cyc.* 673 and cases cited; *Cooley Const. Lim.* 398.

As was stated *In re Watkins,* 7 *Pet.* (*U. S.*) 568: "The jurisdiction of a court can never depend upon the merits of a case brought before it, but upon its right to hear and decide it at all." The necessity, however, for invoking the principle of estoppel is not at all apparent. For it is quite manifest that the jurisdiction of the surrogate and the state comptroller is established by the language of the legislation under consideration.

Section 13 in the acts of 1892, 1893 and 1894 provides: "The surrogate or register of the Prerogative Court on the application of any interested party or upon his own motion shall appoint some competent person as appraiser as often as and whenever occasion may require." Section 15 provides that "the ordinary or Orphans Court in the county in which

the real property of a decedent who was not a resident of this state is situated, or in the county of which the decedent was a resident at the time of his death, shall have jurisdiction to hear and determine all questions in relation to the tax arising under the provisions of this act." The effect of this legislation is to confer jurisdiction upon either the surrogate or the register of the Prerogative Court to levy the assessment with the right of appeal as the facts may require to either the ordinary or to the Orphans Court. *In re Vineland Historical Society*, 21 *Dick. Ch. Rep.* 291.

In the case at bar the surrogate "upon the application of an interested party," as provided for in section 13 of the act, appointed an appraiser who assessed the tax in controversy, and this action was manifestly the exercise of a power conferred upon him by the legislation which imposed the tax. The order of the surrogate and the levy of the tax thereunder are affirmed.