THE STATE v. THE NEW YORK CENTRAL AND HUDSON
RIVER RAILROAD COMPANY.

Submitted December 6, 1912—Decided March 10, 1913.

On the trial of an indictment against a railroad company for nuisance
in negligently emitting excessive and unnecessary quantities of
black smoke at its terminal, evidence of conditions obtaining in
other terminals controlled by well-managed companies is relevant,
not as setting a standard of care or negligence, but as some evi-
dence of the degree of care exercised by presumably careful rail-
road companies under substantially similar conditions.

On error to Hudson County Special Sessions.

Before Justices Trenchard, Parker and Minturn.

For the plaintiff in error, Vredenburgh, Wall & Carey.

For the defendant in error, Pierre P. Garven, prosecutor
of the pleas.

The opinion of the court was delivered by

Parker, J.  So far as not discussed herein, the questions
raised on this writ of error are deemed by us to be controlled
by the recent decision of this court in State v. Erie Railroad
Co., 54 Vroom 231.  But there are two other points made,
one of which at least requires a reversal of the judgment.

First. The indictment was for nuisance in negligently
emitting unnecessary and unreasonable quantities of black
smoke from locomotive engines of the defendant at its termi-
nal yards.  The state was allowed to submit evidence over
objection and exception, tending to show negligence in that
at a neighboring terminal, operated by another railroad com-
pany, much less smoke was emitted.  But when the defend-
ant offered to show the conditions at railroad terminals in
New York state in the matter of smoke emission, the ques-

tions were objected to on the ground "that the State of New Jersey sets up its own standard of what is necessary for the comfort, welfare and health of its citizens, and what the State of New York does is immaterial." The court overruled the questions, presumably on this ground.

We consider this ground was insufficient, and do not perceive any other ground on which the action of the court can be supported. The basis of the indictment was negligence in permitting needless quantities of black smoke. *State* v. *Erie Railroad, supra.* This state has laid down no statutory test of such negligence so far as we are aware; and consequently it is fair to say that negligence and its absence, reasonable care, are the same in one jurisdiction as in another. Applying the rule that reasonable care is presumed as a matter of fact, the argument would be that as railroads in New York state and elsewhere presumably exercise reasonable care, and yet emit such and such quantities of smoke, there is consequently a presumption that such emission is not negligent, and hence that in the case of the defendant under substantially similar conditions it was likewise not negligent.

Professor Wigmore puts it in this way: "This standard (of negligence) is a fixed one, independent of the conduct of others. To take that conduct as furnishing a sufficient legal standard of negligence would be to abandon the standard set by the substantive law, and would be improper. This conduct of others, then (1) is receivable as some evidence of the nature of the thing in question, because it indicates what is the influence of the thing on the ordinary person in that situation; but (2) it is not to be taken as fixing a legal standard for the conduct required by law." *Wigm. Ev.,* § 461. He adds: "Where the care required of the owner of a railroad is in issue, this sort of evidence may serve in a variety of ways; to indicate, for example, the adequate construction or operation of tracks, platforms, bridges, cars, turntables, spark arresters, switches, or any object whose qualities are exhibited by the specific conduct or habitual practice of other persons or other railroads using

it." The cases are collected in *note J*. Naturally, if the conditions are not similar the comparison becomes worthless and therefore irrelevant. *Fishman* v. *Consumers' Brewing Co.*, 49 *Vroom* 300. But the questions related to the practice of well managed railroads. The witness was asked:

"*Q*. What can you say with reference to a comparison between the conditions maintained at Weehawken by the New York Central and the conditions maintained by other railroads, well managed, in localities throughout this country?" (Objected to and overruled and exception noted.)

"*Q*. What can you say as to the conditions existing at Weehawken in the yard there maintained by the New York Central, in comparison with the conditions maintained by other railroads on the Atlantic seaboard, and more particularly with reference to Metropolitan districts of New York and New Jersey?" (Same objection, ruling and exception.)

Assuming that the witness had knowledge of the conditions described in these questions (and of course the presumption is that he did), the questions were competent and should have been answered for reasons just stated; and their exclusion was harmful error.

*Second*. It was also technical error to admit evidence of alleged excessive smoke conditions outside the time laid in the indictment, as was done in the cross-examination of one of the defendant's witnesses. *Meyer* v. *State*, 30 *Vroom* 310; *State* v. *Newman*, 44 *Id*. 202. But the nature of the answer makes it doubtful whether this error was harmful.

It is further argued that the court illegally admitted testimony of statements made by an agent of defendant. With one exception the assignments of error under this head all relate to statements made to the agent by way of notice through him to the company, and not to statements by him. The exception in question is that he appeared as the company's advocate at a township committee meeting under circumstances that indicated that he was authorized to speak for the company. We find no error on this score. But for the exclusion of answers to the questions above quoted the judgment must be reversed.